IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER WISE                                                                                      PLAINTIFF

V.                                                                                        NO. 4:18-CV-238-DMB-RP

WAL-MART STORES EAST, LP, et al.                                                           DEFENDANTS

**ORDER**

This personal injury case is before the Court on the motion to dismiss of Wal-Mart Stores East, LP and Sam's East, Inc. Doc. #9.

**I**
**Procedural History**

On November 20, 2018, Christopher Wise filed a complaint in the United States District Court for the Northern District of Mississippi against "Wal-Mart Stores East, LP," and "Sams East LP."[1] Doc. #1. The complaint asserted claims for negligence arising from a fall Wise suffered while attempting to enter a Sam's Club store located in Memphis, Tennessee. *Id.* at ¶ 5.

On January 14, 2019, Wal-Mart Stores East, L.P.,[2] and Sam's East, Inc.[3] filed a motion to dismiss for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. Doc. #9 at 1. Wise responded in opposition to the motion to dismiss on February 11, 2019.[4] Doc. #20. No reply was filed.

---

[1] "Sams East, LP" is in the complaint's caption; however, "Sams Club LP" is in its introductory paragraph and "Sam's East, LP" appears later in its body. *See* Doc. #1 at 1, 2.

[2] Wal-Mart identifies itself in filings as "Wal-Mart Stores, East, L.P.," rather than "Wal-Mart Stores East, LP," as pled by Wise.

[3] The defendants represent that Sam's East, Inc. was "improperly named" in the original complaint. The misnomer was corrected in a subsequent amended complaint. *See* Doc. #13. This amendment does not alter the defect in personal jurisdiction identified below and did not, therefore, moot the motion to dismiss.

[4] Wise sought and was granted an extension to respond. Doc. #19.

# II
# Analysis

Where, as here, a defendant raises the threshold defense of personal jurisdiction (or the related issues of sufficiency and service of process)[5] and venue, "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). The Court, therefore, will consider the issue of personal jurisdiction first.

Under Rule 12(b)(2), the "plaintiff bears the burden of establishing jurisdiction, but need only present prima facie evidence." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016) (emphasis omitted). To determine whether a plaintiff has made a prima facie case, the court "must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id*. (alteration omitted). "[A]llegations in a … brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001).

"In a federal diversity suit, the reach of federal [personal] jurisdiction over nonresident defendants is measured by a two-step inquiry." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). "First, the law of the forum state must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due Process Clause." *Id*. At the second step, a court asks whether the defendant is subject to either general or specific personal jurisdiction. *In re DePuy Orthopaedics,*

---

[5] *See* Fed. R. Civ. P. 4(k)(1) ("Serving a summons … establishes personal jurisdiction over a defendant ….").

*Inc., Pinnacle Hip Implant Prod. Liab. Litig*, 888 F.3d 753, 778 (5th Cir. 2018). General jurisdiction requires "continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *Id*. (internal quotation marks omitted). Specific jurisdiction, in contrast, requires only that the defendant have "purposefully direct[ed] his activities toward the state" and that the plaintiff's claim "arises out of or is related to the defendant's forum contacts." *Id*. (internal quotation marks and alterations omitted).

Wise argues that general jurisdiction exists here because:

> In *Gulf Coast Bank & Tr. Co. v. Designed Conveyour Sys, LLC*, [717 F. App'x 394 (5th Cir. 2017)], the Fifth Circuit held that a corporation could consent to personal jurisdiction and in turn venue if the state's highest court had previously construed registration to constitute to consent to personal jurisdiction. In *Estate of Jones v. Phillips*, 992 [So. 2d] 1131, n4. (Miss. 2008), the Mississippi Supreme Court held that registering to do business with the Secretary of State constituted consent to personal jurisdiction within Mississippi.

Doc. #21 at 4.

In *Gulf Coast*, the Fifth Circuit Court of Appeals acknowledged that under *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917), registration to do business in a state could act as consent to general jurisdiction where the relevant "state court had construed the [registration] statute to require such consent to suit for the service at issue …." 717 F. App'x at 397. The panel, however, noted that it was "far from certain" whether this rule "survived the Court's later decision in *International Shoe v. State of Wash., Office of Unemployment Compensation & Placement*," 326 U.S. 310 (1945). *Id*. The Ninth Circuit has similarly observed that "[i]t is an open question whether, after *Daimler* [*AG v. Bauman*, 571 U.S. 117 (2014)], a state may require a corporation to consent to general personal jurisdiction as a

3

condition of registering to do business in the state." *AM Trust v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) (collecting cases).

This Court need not resolve the continued viability of the consent-by-registration doctrine because Mississippi law is clear that "[t]he appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity …." Miss. Code Ann. § 79-35-15.[6] Because the defendants' registration to do business in Mississippi does not justify general jurisdiction, the motion to dismiss will be granted.[7]

## III
## Conclusion

The motion to dismiss [9] is **GRANTED**. Wise's complaint is **DISMISSED** for lack of personal jurisdiction.

**SO ORDERED**, this 9th day of August, 2019.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Before the enactment of this provision in 2013, the Mississippi Supreme Court had held that a company's registration to do business in Mississippi resulted in the company subjecting itself to personal jurisdiction in the state. *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1138 & n.4 (Miss. 2008). There is no allegation that this was the rule at the times the defendants registered to do business in Mississippi, which, based on secretary of state filings, appear to have been in 1996 and 2001. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of information provided on Mississippi's and Virginia's secretary of state websites). Even if it was, consent to personal jurisdiction based on corporate registration is measured at the time of injury, which in this case was 2017. *See Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 302 (M.D. Pa. 2018).

[7] Having reached this conclusion, the Court declines to address the remaining grounds for dismissal. *See Alert 24 Sec., LLC v. Tyco Int'l Ltd.*, 823 F. Supp. 2d 589, 599 (S.D. Tex. 2011) (following dismissal for lack of personal jurisdiction, motions to dismiss for improper process and service of process moot).